```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
                                                            :
JOSHUA MARTINEZ,                                            :
                              Plaintiff,                    :
                                                            :
                  -against-                                 :    SUMMARY ORDER
                                                            :    17-CV-2871 (AMD) (PK)
CORY SMITH,                                                 :
                              Defendant(s).                 :
                                                            :
----------------------------------------------------------- x
```

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff Joshua Martinez applies for the Court to request *pro bono* counsel on his behalf. (*See* Dkt. 23.) Litigants do not have a right to counsel in civil cases. *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984). Therefore, the Court cannot compel an attorney to represent a litigant free of charge in a civil case. *Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

The Court may make a request for an attorney to consider taking a case on a volunteer basis. The Court must first consider whether the plaintiff's position is "likely to be of substance." *Ferelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003). If the claim meets this threshold requirement, the court then considers the following prudential factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers,* 802 F.2d 58, 61 (2d Cir. 1986).

Plaintiff brings an excessive force claim against Defendant for an injury sustained in the course of an arrest. Plaintiff alleges that he was "punched" in his face/right eye and thrown to the ground by Defendant. (Compl. at 4, Dkt. 2.) As a result of Defendant's action, Plaintiff "suffered a laceration to [his] right eye." (*Id.*) Plaintiff also alleges that he did not receive medical treatment for

four hours. (*Id.*) Plaintiff's allegations, on the face of the complaint, "appear[] to have some chance of success." *Kee v. Hasty*, No. 01-CV-2123, 2003 WL 115235, at *1 (S.D.N.Y. Jan. 13, 2003) (internal quotation marks and citations omitted) (the plaintiff's allegations that he was injured by Defendant through the use of excessive force met the threshold requirement). Accordingly, the Court finds that Plaintiff sufficiently established the threshold requirement that Plaintiff's claims are "likely to be of substance."

The Court also finds that the prudential factors weigh in favor of granting Plaintiff assistance of counsel. In determining whether an officer used excessive force, the Court examines the reasonableness of the officers' conduct, considering the totality of the circumstances. *See Graham v. O'Connor*, 490 U.S. 386, 395 (1989). This reasonableness inquiry is an objective one: "the question is whether the officers' actions are 'objectively reasonable' in light of facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. Despite that this case requires a factual investigation, Plaintiff's ability investigate the crucial facts and present the case is extremely limited because he is currently incarcerated. *See Hodge*, 802 F.2d at 61 (the fact that an indigent prisoner is bringing a case that "might require substantial factual investigation," but is unable to conduct the investigation, "militate[s] toward appoint counsel). Additionally, because Plaintiff's excessive force claim would likely involve conflicting testimonies and cross-examinations of witnesses, the Court finds that appointment of counsel would "more likely [ ] lead to a just determination." *See id.* at 62; *see also id.* at 61 ("[I]f a case's factual issues turn on credibility, this would weigh on the side of appointing counsel.")

Accordingly, Plaintiff's request for *pro bono* counsel is granted.

SO ORDERED:

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         March 6, 2016