UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA MARTINEZ,<br><br>　　　　　　Plaintiff,<br><br>　- against -<br><br>CORY SMITH, Police Officer, in official capacity, JAMES WHEELER, Sergeant, in official capacity, and JOHN PEREZ, Detective, in official capacity,<br><br>　　　　　　Defendants. | No. 17 Civ. 2871 (AMD) (PK)<br><br>**AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Joshua Martinez, by and through his attorneys, Gibson, Dunn & Crutcher LLP, alleges as follows:

## PRELIMINARY STATEMENT

1.　On December 22, 2015, Joshua Martinez was beaten in the course of an arrest in Jamaica, Queens.  He now respectfully brings this action pursuant to Title 42, Section 1983 of the United States Code to vindicate his rights secured by the United States Constitution and New York State law.  Mr. Martinez seeks declaratory relief, damages, attorneys' fees, and any further relief as this Court deems just and proper.

## JURY DEMAND

2.　Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## JURISDICTION AND VENUE

3.　This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a), as this action arises under 42 U.S.C. § 1983.

4. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state constitutional and common law claims that are so related to the federal claims within the original jurisdiction of this Court that they form part of the same case or controversy.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to Mr. Martinez's claims occurred in this judicial district.

## PARTIES

6. Plaintiff Joshua Martinez is a citizen of Queens, New York. He currently resides at Great Meadow Correctional Facility in Comstock, New York.

7. Defendant Cory Smith is or was, at all relevant times, a police officer employed by the New York City Police Department ("NYPD").

8. Defendant James Wheeler is or was, at all relevant times, a sergeant employed by the NYPD.

9. Defendant John Perez is or was, at all relevant times, a detective employed by the NYPD.

## FACTS

10. Mr. Martinez was arrested on December 22, 2015 at approximately 1:20 p.m. in Jamaica, Queens.

11. Mr. Martinez was leaving his residence at 114-05 170th Street and had just entered the backseat of a taxi when two unmarked cars blocked the path of the taxi. Several plain-clothes officers exited the unmarked vehicles.

12. Mr. Martinez proceeded to exit the taxi and run south-bound. Defendants Wheeler, Smith, and Perez, along with other officers, pursued Mr. Martinez on foot.

13. Shortly thereafter, Mr. Martinez stopped running and surrendered.

14. Defendant Wheeler, having caught up with Mr. Martinez, seized Mr. Martinez and threw him to the ground.

15. Some or all of Defendants Wheeler, Smith, and Perez proceeded to handcuff Mr. Martinez.

16. Before and after Mr. Martinez was restrained, Defendants Wheeler and Smith treated Mr. Martinez with excessive force by punching Mr. Martinez in the face multiple times and pushing his head into the ground.

17. Defendant Wheeler and other officers placed pressure on Mr. Martinez while he was still on the ground, making it difficult for him to breathe. Mr. Martinez repeatedly stated that he could not breathe and that he suffered from asthma. He was eventually lifted off the ground into an upright position.

18. Defendant Perez witnessed Mr. Martinez being treated with excessive force, but failed to intervene.

19. As a result of his being treated with excessive force, Mr. Martinez suffered injuries, including a laceration to his right upper eyelid and swelling to the right side of his face. Mr. Martinez's injuries were bleeding and required medical attention.

20. Following his arrest, Mr. Martinez was taken by ambulance to the emergency room of Jamaica Hospital. He was seen and treated, which treatment included: a workup of Mr. Martinez's eyelid laceration; a workup of Mr. Martinez's facial trauma; a CT examination of Mr. Martinez's head, which revealed soft tissue swelling over the right frontal/parietal region; and a procedure to repair the eyelid laceration involving local anesthesia, 5-0 nylon skin closure, and three sutures.

21. As a proximate result of Defendants' conduct on December 22, 2015, Mr. Martinez continues to suffer physical, mental and emotional injuries, including depression and post-traumatic stress disorder ("PTSD").

22. As a result of his facial injury, Mr. Martinez now has vision problems and occasional pain when the temperature drops too low or when it rains.

23. Since December 22, 2015, Mr. Martinez has suffered from anxiety, nightmares, and depression, and the incident occupies his daily thoughts and attention.

24. In or around December 2015, Mr. Martinez sought and received PTSD and depression screening. Mr. Martinez received treatment from a psychiatrist, including counseling and prescription medication.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS**
**(EXCESSIVE FORCE)**

25. Mr. Martinez realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

26. By virtue of the foregoing, Defendants Wheeler and Smith, while acting under color of state law, intentionally deprived Mr. Martinez of his right to be free of unreasonable seizures, including excessive force, guaranteed by the Fourth Amendment to the United States Constitution, and as such are liable to Mr. Martinez under 42 U.S.C. § 1983.

27. As a direct and proximate result of Defendants Wheeler and Smith's deprivation of Mr. Martinez's constitutional rights, Mr. Martinez suffered the injuries and damages set forth above.

28. The conduct of Defendants Wheeler and Smith was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983 – FAILURE TO INTERVENE TO PROTECT PLAINTIFF'S CONSTITUTIONAL RIGHTS

29. Mr. Martinez realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

30. By virtue of the foregoing, Defendant Perez, who was present, had an affirmative duty to intervene to protect the constitutional rights of Mr. Martinez from infringement by Defendants Wheeler and Smith.

31. Defendant Perez observed and had reason to know that excessive force was being used on Mr. Martinez. There was a realistic opportunity for Defendant Perez to intervene to prevent the harm to Mr. Martinez from occurring. Yet Defendant Perez, acting under color of state law, failed to intervene to protect Mr. Martinez's constitutional rights.

32. As a direct and proximate cause of Defendant Perez's failure to intervene, Mr. Martinez suffered the injuries and damages set forth above.

33. For his failure to intervene, Defendant Perez is liable pursuant to 42 U.S.C. § 1983. *See Anderson v. Branen*, 17 F.3d 552 (2nd Cir. 1994).

34. The conduct of Defendant Perez was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## THIRD CAUSE OF ACTION
## ASSAULT AND BATTERY

35. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

36. Defendants Wheeler and Smith, without just cause or privilege, willfully and maliciously used physical force against plaintiff, causing his injuries.

37. Defendants Wheeler and Smith committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights, and are therefore liable for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter the following relief jointly and severally against the defendants:

a. A declaratory judgment declaring that the complained of conduct is unlawful;

b. Compensatory damages in an amount to be determined by a jury;

c. Punitive damages in an amount to be determined by a jury;

d. Such costs and interest as permitted by law;

e. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

f. Such further relief as this Court deems just and proper.


Dated: New York, New York
       December 3, 2018

GIBSON, DUNN & CRUTCHER LLP

By: */s/ David Salant*
    David Salant

200 Park Avenue
New York, NY  10166-0193
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035

*Attorneys for Plaintiff*