UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                :

JOSHUA MARTINEZ,               :
                                :

             Plaintiff,     :

                                :

    -against-              :            No. 17 Civ. 2871 (AMD) (PK)

JAMES WHEELER,         :

             Defendant.   :

                                :

                                :

                                :
---------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTIONS *IN LIMINE***

GIBSON, DUNN & CRUTCHER LLP
David P. Salant
Dana E. Sherman
200 Park Avenue
New York, NY 10166-0193
Telephone:    212.351.4000
Facsimile:    212.351.4035
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................... 1

LEGAL STANDARD.................................................................................................... 2

ARGUMENT ............................................................................................................... 3

A.  Plaintiff's Motion *in Limine* No. 1: The Court Should Exclude Testimony and
Evidence of the Shooting for Which Mr. Martinez Was Wanted at the Time of
the Arrest and Mr. Martinez's Subsequent Criminal History following the
Arrest.................................................................................................................. 3

    1.  Evidence of the Investigation of the Prior Nonfatal Shooting Should Be
Excluded. ................................................................................................... 3

    2.  Evidence of Plaintiff's Subsequent Criminal History Should Be Excluded........... 4

B.  Plaintiff's Motion *in Limine* No. 2: The Court Should Exclude Certain
Evidence of the Firearm Mr. Martinez Allegedly Discarded Prior to the Arrest,
Including Its Purported Connection to the Prior Shooting.................................. 5

C.  Plaintiff's Motion *in Limine* No. 3: Evidence of Mr. Martinez's Prior Criminal
History Should Be Excluded as Impermissible Prior-Acts Evidence, Irrelevant,
and Unfairly Prejudicial. ................................................................................... 6

    1.  Law Governing Admissibility of Prior Criminal History. ...................................... 6

    2.  Plaintiff's Unproven Arrests Should Be Excluded. .............................................. 8

    3.  Plaintiff's Prior Non-Felony Convictions Should Be Excluded. ........................... 9

    4.  Plaintiff's Prior Felony Convictions Should Be Excluded. .................................. 10

D.  Plaintiff's Motion *in Limine* No. 4: Evidence of Mr. Martinez's Prior
Employment Status and Use of Government Benefits Should Be Excluded as
Irrelevant. ....................................................................................................... 12

E.  Plaintiff's Motion *in Limine* No. 5: Mr. Martinez's Mugshot, Profile Shot, and
Material Surrounding the Arrest Photographs Should Be Excluded as
Impermissible Prior-Acts Evidence, Irrelevant, and Unduly Prejudicial...................... 12

F.  Plaintiff's Motion *in Limine* No. 6: Mr. Martinez Should Be Permitted to
Appear Without Restraint and in Court Clothes at Trial. .............................................. 14

G.  Plaintiff's Motion *in Limine* No. 7: Defendant Should Be Precluded from
Invoking a Qualified Immunity Defense. ....................................................................... 16

CONCLUSION.......................................................................................................... 18

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Home Assur. Co. v. Am. President Lines, Ltd.*,
    44 F.3d 774 (9th Cir. 1994) ................................................................8, 10

*Amerisource Corp. v. RX USA Intern., Inc.*,
    2008 WL 2783355 (E.D.N.Y. July 15, 2008) ............................................8

*Barnes v. United States*,
    365 F.2d 509 (D.C. Cir. 1966) ...............................................................14

*Bryant v. City of N.Y.*,
    404 F.3d 128 (2d Cir. 2005)......................................................................2

*Dallas v. Goldberg*,
    143 F. Supp. 2d 312 (S.D.N.Y. 2001)...............................................3, 4, 6

*Daniels v. Loizzo*,
    986 F. Supp. 245 (S.D.N.Y. 1997)............................................................8

*Davidson v. Riley*,
    44 F.3d 1118 (2d Cir. 1995)...............................................................14, 15

*Davis v. Schere*,
    468 U.S. 183 (1984).................................................................................16

*Dougherty v. County of Suffolk*,
    2018 WL 1902336 (E.D.N.Y. Apr. 20, 2018) ........................................12

*Edwards v. City of New York*,
    2011 WL 2748665 (E.D.N.Y. July 13, 2011)............................................6

*Elliott v. Thomas*,
    937 F.2d 338 (7th Cir. 1991) ..................................................................16

*Eng v. Scully*,
    146 F.R.D. 74 (S.D.N.Y. 1993) ..............................................................11

*Estelle v. Williams*,
    425 U.S. 501 (1976).................................................................................15

*Farganis v. Town of Montgomery*,
    397 F. App'x 666 (2d Cir. 2010) ...............................................................8

Page(s)

*Graham v. Connor*,
    490 U.S. 386 (1989)..................................................................................2

*Hartman v. Snelders*,
    2010 WL 11626508 (E.D.N.Y. Jan. 28, 2010) ..............................7, 10

*Jean-Laurent v. Wilkinson*,
    2009 WL 666832 (S.D.N.Y. Mar. 13, 2009) ....................................6

*Jones v. Meyer*,
    899 F.2d 883 (9th Cir. 1990) ..........................................................15

*Lewis v. Velez*,
    149 F.R.D. 474 (S.D.N.Y. 1993) ....................................................10

*Mendez v. United States*,
    379 F. Supp. 2d 589 (S.D.N.Y. 2005)..............................................9

*Michelson v. United States*,
    335 U.S. 469 (1948)..........................................................................8

*Nelson v. Brown*,
    673 F. Supp. 2d 85 (E.D.N.Y. 2009) ..............................................13

*Nibbs v. Goulart*,
    822 F. Supp. 2d 339 (S.D.N.Y. 2011)..............................................9

*Palmieri v. Defaria*,
    88 F.3d 136 (2d Cir. 1996)................................................................2

*Qadar v. United States*,
    2014 WL 3921360 (E.D.N.Y. Aug. 11, 2014)................................15

*Stephen v. Hanley*,
    2009 WL 1471180 (E.D.N.Y. May 21, 2009) ..............................4, 9

*Tirado v. Shutt*,
    2015 WL 6866265 (S.D.N.Y. Nov. 9, 2015)..................................13

*United States v. Agostini*,
    280 F. Supp. 2d 260 (S.D.N.Y. 2003)..............................................8

*United States v. Ashburn*,
    2015 WL 5098607 (E.D.N.Y. Aug. 31, 2015)................................11

Page(s)

*United States v. Camacho*,
353 F. Supp. 2d 524 (S.D.N.Y. 2005)...................................................................6

*United States v. Colon*,
880 F.2d 650 (2d Cir. 1989).........................................................................7, 9

*United States v. Dames*,
2007 WL 1129323 (S.D.N.Y. Apr. 12, 2007).........................................................5

*United States v. Figueroa*,
618 F.2d 934 (2d Cir. 1980)........................................................................2, 7

*United States v. George*,
160 Fed. Appx. 450 (6th Cir. 2005)...................................................................14

*United States v. Harrington*,
490 F.2d 487 (2d Cir. 1973)........................................................................13, 14

*United States v. Hayes*,
553 F.2d 824 (2d Cir. 1977).........................................................................6

*United States v. Haynes*,
729 F.3d 178 (2d Cir. 2013).........................................................................15

*United States v. Hodges*,
770 F.2d 1475 (9th Cir. 1985) ........................................................................7

*United States v. Lee*,
2017 WL 1276705 (W.D.N.Y. Apr. 6, 2017) .........................................................5

*United States v. Lewis*,
787 F.2d 1318 (9th Cir. 1986), *as amended on denial of rehearing*,
798 F.2d 1250 (9th Cir. 1986) ........................................................................7

*United States v. McCoy*,
848 F.2d 743 (6th Cir. 1988) ........................................................................14

*United States v. Schiller*,
264 F. App'x 44 (2d Cir. 2008) ........................................................................7

*Wilson v. Mazzuca*,
570 F.3d 490 (2d Cir. 2009)........................................................................13

*Zinman v. Black & Decker (U.S.), Inc.*,
983 F.2d 431 (2d Cir. 1993)........................................................................8

Page(s)

### Rules

Fed. R. Evid. 104(a).................................................................................2

Fed. R. Evid. 401 ...................................................................................2

Fed. R. Evid. 402 ...................................................................................2

Fed. R. Evid. 403 ...................................................................................2

Fed. R. Evid. 404(b).................................................................................7

Fed. R. Evid. 609(a).............................................................................8, 9, 10

Fed. R. Evid. 609(b)..............................................................................8, 11

Plaintiff Joshua Martinez respectfully submits this memorandum in support of his motions *in limine*.

**PRELIMINARY STATEMENT**

This Section 1983 civil rights action pertains to the arrest of Mr. Martinez in Jamaica in Queens, New York on December 22, 2015 (the "Arrest"). As alleged in his Amended Complaint, Mr. Martinez sustained injuries during the course of the Arrest, principally a laceration to his upper right eye. ECF No. 35 ¶ 19. Mr. Martinez was taken by ambulance to the emergency room of Jamaica Hospital, where he received medical treatment, including stitches to repair the laceration. *Id.* ¶ 20. Two causes of action remain to be tried: (1) violation of Mr. Martinez's Fourth Amendment right to be free of unreasonable seizures, including excessive force, pursuant to 42 U.S.C. § 1983; and (2) assault and battery under New York State law. *See* ECF No. 44 at 2 (Joint Pretrial Order). Trial is scheduled to begin on Monday, December 9, 2019.

To ensure a fair and efficient trial focused on the actual issues before the jury, Mr. Martinez requests that the Court issue the following rulings in advance of trial:

1. Exclusion of testimony and evidence regarding the shooting for which Mr. Martinez was wanted at the time of the Arrest, and Mr. Martinez's subsequent criminal history following the Arrest;

2. Exclusion of certain testimony and evidence of the firearm Mr. Martinez allegedly discarded prior to the Arrest;

3. Exclusion of Mr. Martinez's prior criminal history;

4. Exclusion of Mr. Martinez's employment history and use of government benefits;

5. Exclusion of Mr. Martinez's mugshot, profile shot, and material surrounding his arrest photographs;

6. Permission for Mr. Martinez to appear at trial without restraint and in court clothes; and

1

7.  Preclusion of Defendant's qualified immunity defense.

Mr. Martinez respectfully submits that these motions *in limine* should be granted so that legal, evidentiary and procedural issues may be determined without unnecessary interruption at trial, prejudice to the parties, or needless expense.

## LEGAL STANDARD

Preliminary questions concerning the admissibility of evidence are decided by the Court. Fed. R. Evid. 104(a).  The purpose of a motion *in limine* is "'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation omitted).

The Federal Rules of Evidence define relevant evidence as evidence having "any tendency to make a fact more or less probable," which "fact is of consequence in determining the action."  Fed. R. Evid. 401.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402. Additionally, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice[.]"  Fed. R. Evid. 403.  In sum, "[t]o be admissible the evidence must be relevant to some disputed issue in the trial . . . and its probative value must not be substantially outweighed by the risk of unfair prejudice."  *United States v. Figueroa*, 618 F.2d 934, 939 (2d Cir. 1980).

The relevance of evidence depends on the nature of the claims and defenses in the action. With respect to a 1983 excessive force claim, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  *Bryant v. City of N.Y.*, 404 F.3d 128, 136 (2d Cir. 2005) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).  Relevant evidence in this trial must therefore must relate to the *objective reasonability* of Defendant's conduct *at the time it*

*was undertaken*. Facts unknown to defendant police officers during an arrest, or events following an arrest, are irrelevant in a trial focused on the constitutionality of the arrest. *See, e.g.*, *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 317 (S.D.N.Y. 2001) (explaining that "[e]vidence of which the arresting officer had no knowledge at the time the challenged arrest occurred is clearly irrelevant" to trial of 1983 action against arresting officer).

## ARGUMENT

**A.** **Plaintiff's Motion *in Limine* No. 1: The Court Should Exclude Testimony and Evidence of the Shooting for Which Mr. Martinez Was Wanted at the Time of the Arrest and Mr. Martinez's Subsequent Criminal History Following the Arrest.**

Discovery in this case indicates Mr. Martinez was arrested on December 22, 2015, because he was wanted for a nonfatal shooting that occurred on December 14, 2015. The Court should exclude testimony and evidence regarding this separate event—both the prior shooting and Mr. Martinez's subsequent criminal case relating to the shooting—under Rule 403 because a serious risk of prejudice substantially outweighs the probative value of exploring the prior shooting.

### 1. Evidence of the Investigation of the Prior Nonfatal Shooting Should Be Excluded.

Discovery indicates that two defense witnesses—the Defendant and Detective Cory Smith—investigated the prior shooting. At deposition, both discussed details of the investigation, and in particular, how this led them to suspect Mr. Martinez. Defendant has marked prospective trial exhibits containing evidence that, at the time of the Arrest, Mr. Martinez was wanted for a prior shooting. *See, e.g.*, Def.'s Ex. L at DEF-547 ("Sergeant Wheeler did chase a perpetrator wanted for a shooting . . .").

The facts of the shooting more than one week before the Arrest—including the legal basis for the Arrest—are immaterial to this excessive force case. Mr. Martinez does not dispute that

the NYPD possessed legal authority to arrest him on December 22. He does not assert—and has never asserted—a claim of False Arrest. Instead, this case is focused squarely on the force with which the Arrest was executed. Evidence of the particular offense of which Mr. Martinez was suspected and the backstory and investigation leading to the Arrest are irrelevant to the claims at issue and unduly prejudicial to Mr. Martinez.

### 2. Evidence of Plaintiff's Subsequent Criminal History Should Be Excluded.

Discovery indicates that, in May of 2017, Mr. Martinez was convicted upon a plea of guilty for attempted murder. The conviction followed from the Arrest, in that Mr. Martinez ultimately pleaded guilty to the nonfatal shooting for which he was wanted and apprehended. This evidence should be excluded as irrelevant and unduly prejudicial under Federal Rules of Evidence 402 and 403.

Events that postdate an alleged civil rights violation have no bearing on whether the violation occurred. *See, Dallas*, 143 F. Supp. 2d at 317 (holding that "[e]vidence of which the arresting officer had no knowledge at the time the challenged arrest occurred is clearly irrelevant to a determination of whether the officer had probable cause to make the arrest"). Relatedly, courts have recognized that "the actual guilt or innocence of the arrestee is irrelevant to the amount of force that may be used." *Stephen v. Hanley*, 2009 WL 1471180, at *4 (E.D.N.Y. May 21, 2009) (citation omitted). Mr. Martinez's post-Arrest history is irrelevant to whether Defendant's actions during the arrest were objectively reasonable: that Mr. Martinez was subsequently convicted sheds no light on whether Defendant's use of force months prior was appropriate. *Id*. It would only improperly suggest to the jury that any excessive force used against him was appropriate or "deserved" because he was later convicted of the offense for which he was sought. The Court should not permit this inappropriate, but undeniably tempting, inference to be placed before the jury.

4

**B.** **Plaintiff's Motion *in Limine* No. 2: The Court Should Exclude Certain Evidence of the Firearm Mr. Martinez Allegedly Discarded Prior to the Arrest, Including Its Purported Connection to the Prior Shooting.**

For similar reasons, the Court should exclude evidence of the firearm Mr. Martinez allegedly discarded prior to the arrest. The City has marked as trial exhibits for its case-in-chief evidence of a firearm Mr. Martinez purportedly discarded prior to the Arrest—including the physical pistol itself—and allegedly used to commit the prior shooting. *See* Def.'s Exs. B, C, I, J. At deposition, the City explored in depth the question of where Mr. Martinez found the firearm and what he planned to do with it. Such evidence and testimony should be excluded under Rules 402, 403, and 404(b) as irrelevant to Plaintiff's claim that Defendant used excessive force; having little to no probative or impeachment value; highly prejudicial to Plaintiff; and inadmissible prior-act evidence.

Permitting the City to wave a firearm before the jury in a case where no shots were fired—and where the Plaintiff was undisputedly unarmed when arrested—plainly fails Rule 403's balancing test. There is no contention in this case that the discarded firearm was nearby when Mr. Martinez was arrested and injured. Yet viewing a physical firearm will be highly prejudicial and cause the jury to draw negative inferences about Mr. Martinez. Such evidence should therefore be excluded. *See, e.g.*, *United States v. Dames*, 2007 WL 1129323, at *3 (S.D.N.Y. Apr. 12, 2007) (precluding evidence of a MAK-90 firearm allegedly used by defendant because the court found it had little probative value and "the risk of unfair prejudice to the Defendant is obvious"); *United States v. Lee*, 2017 WL 1276705, at *2 n.1 (W.D.N.Y. Apr. 6, 2017) (noting that if indictment for gun and gun possession were bifurcated into separate trials, "the Court would likely exercise its discretion pursuant to Fed. R. Evid. 403 to exclude testimony and evidence about a gun from a separate marijuana-possession trial on the ground the testimony would be unduly prejudicial").

The same is true of evidence of where Mr. Martinez procured the firearm, and its subsequent connection to the prior nonfatal shooting. These facts were unknown to the officers at the time of the Arrest and therefore irrelevant to the question of whether the Arrest was executed in compliance with the Fourth Amendment. *See Dallas*, 143 F. Supp. 2d at 317. For these reasons, any evidence regarding the firearm beyond what officers saw or knew at the time of the Arrest should be excluded.

**C.**     **Plaintiff's Motion *in Limine* No. 3: Evidence of Mr. Martinez's Prior Criminal History Should Be Excluded as Impermissible Prior-Acts Evidence, Irrelevant, and Unfairly Prejudicial.**

Defendant has marked as a trial exhibit Plaintiff's criminal history or "RAP sheet," which reflects arrests and criminal convictions attributed to Mr. Martinez, dating back to 2001. *See* ECF No. 44 at 9 (Def.'s Ex. M [DEF-623–DEF-652]). None of these criminal convictions or unproven arrests is relevant to a disputed issue in this case. The City acknowledges as much, having marked the exhibit for impeachment purposes only. *Id.* And generally, courts of this Circuit disfavor admission of a 1983 plaintiff's RAP sheet. *See Edwards v. City of New York*, 2011 WL 2748665, at *3 (E.D.N.Y. July 13, 2011) (precluding introduction of plaintiff's RAP sheet and prior arrests under Rule 404(b)); *Jean-Laurent v. Wilkinson*, 2009 WL 666832, at *2 (S.D.N.Y. Mar. 13, 2009) (denying request to offer RAP sheet). For the following reasons, Mr. Martinez moves this Court to confirm that his prior criminal history is irrelevant to this action, more prejudicial than probative, and may not be used for either substantive or impeachment purposes.

**1.     Law Governing Admissibility of Prior Criminal History.**

As the proponent of evidence, Defendant bears the burden of establishing the admissibility of Mr. Martinez's prior criminal history. *See United States v. Hayes*, 553 F.2d 824, 827–28 (2d Cir. 1977); *United States v. Camacho*, 353 F. Supp. 524, 535 (S.D.N.Y. 2005).

"To be admissible . . . evidence must be relevant to some disputed issue in the trial . . . and its probative value must not be substantially outweighed by the risk of unfair prejudice." *Figueroa*, 618 F.2d at 939. Even when relevant, the "use of other crimes evidence is not looked on favorably and its use must be narrowly circumscribed and limited." *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986) (citing *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985)), *as amended on denial of rehearing*, 798 F.2d 1250 (9th Cir. 1986). That is because "[t]he fact that plaintiff has prior convictions and prior arrests, without more, does not have any tendency to make defendants' actions more or less reasonable when judged at the time of the incident." *Hartman v. Snelders*, 2010 WL 11626508, at *6 (E.D.N.Y. Jan. 28, 2010).

The Federal Rules of Evidence separately proscribe propensity evidence: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Instead, prior-acts evidence "*may* be admissible" for non-propensity purposes, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2) (emphasis added). "In determining whether to allow admission of [prior-acts] evidence, district courts must exercise great care to ensure that juries are not permitted to conclude that because a defendant has committed a similar crime before, he or she therefore has a criminal propensity sufficient to justify conviction in the case at hand." *United States v. Colon*, 880 F.2d 650, 656 (2d Cir. 1989). Rule 403's balancing test also applies in this context. *See United States v. Schiller*, 264 F. App'x 44, 44 (2d Cir. 2008).

The use of prior criminal convictions for impeachment purposes is governed by Federal Rule of Evidence 609. In general, evidence of certain criminal convictions—crimes punishable

by at least one year of imprisonment or involving "a dishonest act or false statement" as an element—may be used to attack a witness's character for truthfulness, subject to a Rule 403 analysis. Fed. R. Evid. 609(a). In this inquiry, the relevant question is "how probative of [the witness's] credibility was this conviction," not "[h]ow critical [the witness's] credibility was to [a party's] case." *Am. Home Assur. Co. v. Am. President Lines, Ltd.*, 44 F.3d 774, 779 (9th Cir. 1994); *see also United States v. Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003) (excluding a witness's prior conviction because it did not speak to "prior untruthfulness" or constitute a "crime of deception").

However, if more than ten years have passed since a witness's conviction and release from confinement, the analysis changes: The conviction is *not* admissible unless "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). This burden to admit old felony convictions is a heavy one. The Second Circuit has "repeatedly 'recognized that Congress intended that convictions over ten years old be admitted very rarely and only in exceptional circumstances.'" *Farganis v. Town of Montgomery*, 397 F. App'x 666, 669 (2d Cir. 2010) (quoting *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993)); *Amerisource Corp. v. RX USA Intern., Inc.*, 2008 WL 2783355, at *1 (E.D.N.Y. Jul. 15, 2008) ("Convictions older than ten years are presumed inadmissible under Fed. R. Evid. 609(b)[.]").

**2.      Plaintiff's Unproven Arrests Should Be Excluded.**

Any evidence of Mr. Martinez's history of prior arrests for unproved criminal conduct should be excluded under Rules 402, 403, and 609, and redacted from any trial exhibits. It is well-established that an "[a]rrest without more does not . . . impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty." *Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (quoting *Michelson v. United States*, 335 U.S. 469, 482

(1948)); *see also Stephen*, 2009 WL 1471180, at *8.  These arrests have no relevance to Mr.

Martinez's claims of excessive force years later.  *See Nibbs v. Goulart*, 822 F. Supp. 2d 339, 344

(S.D.N.Y. 2011) (holding arrest history "irrelevant to any purpose permissible under 404(b)" and

"irrelevant to the question of probable cause").  Moreover, as they are arrests, not convictions,

they may not receive the benefit of Rule 609(a) as permissible impeachment evidence.  For these

reasons, Mr. Martinez's record of arrests should be excluded as either substantive or

impeachment evidence at trial.

### 3.  Plaintiff's Prior Non-Felony Convictions Should Be Excluded.

Evidence of Mr. Martinez's prior non-felony convictions for violations and

misdemeanors should also be excluded.  Defendant's prospective Exhibit M reflects Mr.

Martinez's April 2009 conviction for trespass; 2005 conviction for unlawful possession of

marijuana; and May 2014, June 2009, July 2003, and May 2001 convictions for disorderly

conduct.  Def.'s Ex. M [DEF-642–43, -649, -651].  None of these convictions is admissible at

trial.

First, pursuant to Rule 403, Mr. Martinez's past misdemeanor conduct or violations have

no connection to the Arrest and shed no light on any fact in dispute.  Yet injecting evidence

about drug possession, trespass, or disorderly conduct is likely to prejudice Mr. Martinez, by

causing the jury to conclude that because he has had trouble with the law over the years, he must

have acted badly here too or otherwise "deserved" his injuries sustained during the Arrest.  In

this context, the minimal probative value of Mr. Martinez's non-felony convictions is

substantially outweighed by a danger of unfair prejudice.  *See Colon*, 880 F.2d at 656.

Nor are these misdemeanor or other non-felony convictions proper impeachment material

under Rule 609.  They are not "punishable by death or by imprisonment for more than one year,"

as is required.  Fed. R. Evid. 609(a)(1); *see Mendez v. United States*, 379 F. Supp. 2d 589, 597

(S.D.N.Y. 2005) ("Here, the incident could not be admitted as impeachment evidence because the sentence for a misdemeanor, by definition, is up to one year."). And none of the offenses at issue contain as an element "a dishonest act or false statement." Fed. R. Evid. 609(a)(2); *see Hartman*, 2010 WL 11626508 at \*10. Moreover, each of these offenses is more than ten years old and thus presumably inadmissible under Rule 609(b). *See, e.g.*, *Hartman*, 2010 WL 11626508 at \*10. Accordingly, Mr. Martinez's history of violations and misdemeanor offenses is inadmissible at trial.

### 4. Plaintiff's Prior Felony Convictions Should Be Excluded.

Defendant's prospective Exhibit M also references Mr. Martinez's convictions in October 2009, for criminal possession of a controlled substance; in March 2006, for criminal sale of a controlled substance; and in May 2004, for criminal possession of a loaded firearm. *See* Def.'s Ex. M at DEF-633, -640, -648. These decade-old convictions have nothing to do with the Arrest and have no bearing on matters at issue in this trial. Therefore, they should be excluded.

First, the offenses are irrelevant to the matter at issue, highly prejudicial, and thus inadmissible pursuant to Rule 403. Their presentation to the jury could only have the purpose of undermining the validity of Mr. Martinez's current claim by painting him as someone who has acted badly in the past. That is the precise inference forbidden by Rule 404. Nor can the parties' knowledge of Plaintiff's criminal history serve as state-of-mind evidence: Because the parties' intent or motive is not an element of the claims at issue, inferences about their states of mind would be minimally probative at best. *See Lewis v. Velez*, 149 F.R.D. 474, 480 (S.D.N.Y. 1993) ("Because the plaintiff's state of mind is not at issue, prior acts evidence is not admissible on the basis that it is probative of his intent."); *see also Am. Home Assur. Co.*, 44 F.3d at 779 (excluding 12-year-old fraud conviction because "[n]either motive nor intent [was] an element of [the plaintiff's] claims or [the defendant's] defenses").

The case of *Eng v. Scully*, 146 F.R.D. 74 (S.D.N.Y. 1993), illustrates how prior felony convictions, even for serious, violent crime, are appropriately excluded in 1983 civil rights actions. In *Eng*, the court held that evidence of a plaintiff's two separate prior murder convictions was inadmissible at trial. *Id.* at 78. The first murder conviction—for which plaintiff was released on parole more than ten years prior—was held inadmissible under Rule 609(b). *Id.* The second murder conviction—for which the plaintiff was still currently incarcerated—was held inadmissible under Rule 609(a) and Rule 403. *Id.* As the court explained:

> Murder is not necessarily indicative of truthfulness, and the probative value of a murder conviction is substantially outweighed by the danger of unfair prejudice. The jury will have knowledge that Plaintiff is not of unblemished character; Plaintiff is presently a prisoner and will be at the time of the trial should he choose to testify.

*Id.* The same is true here. None of Mr. Martinez's felony convictions, including the attempted murder for which he is currently incarcerated, is indicative of his character for truthfulness, and the probative value of these offenses is substantially outweighed by the danger of unfair prejudice.

Second, because most of Mr. Martinez's prior convictions are more than ten years old, their use as impeachment evidence is subject to Rule 609(b)'s heightened requirement. There is no indication of "specific facts and circumstances" showing the "prejudicial[] effect" of these convictions is "substantially outweigh[ed]" by their probative value. Fed. R. Evid. 609(b)(2). And courts are clear that old convictions quickly decline in their impeachment value. *See, e.g.*, *United States v. Ashburn*, 2015 WL 5098607, at *25 (E.D.N.Y. Aug. 31, 2015) (excluding 16, 17, and 18-year-old convictions because there was no indication they "remain[ed] probative of [the witness's] propensity to testify truthfully"). This provides an independent rationale to exclude Mr. Martinez's stale felony convictions from trial.

In sum, the probative value of Mr. Martinez's prior felony convictions pales in comparison to their prejudicial effect. They are too old and untethered from the instant dispute to meet Rule 403's balancing test or Rule 609(b)'s harsh standard. There is simply no need to introduce and litigate this evidence to distract the jury from resolving the simple fact at issue in this case: whether Mr. Martinez was treated with excessive force in the moments of the Arrest.

**D.**      **Plaintiff's Motion *in Limine* No. 4: Evidence of Mr. Martinez's Prior Employment Status and Use of Government Benefits Should Be Excluded as Irrelevant.**

Evidence of Mr. Martinez's prior employment history and his use of government benefits should be excluded as irrelevant. Mr. Martinez is not asserting lost wages or income due to his injuries sustained during the Arrest. His past employment history and means of earning an income are irrelevant to Mr. Martinez's claims of excessive force and related state assault and battery claims. *See Dougherty v. County of Suffolk*, 2018 WL 1902336, at *6 (E.D.N.Y. Apr. 20, 2018) (finding "[a]ny relevance claimed is marginal, at best, since the way the Plaintiff maintained himself financially has nothing to do with the incident at the [correctional facility] which is the underlying focus of this lawsuit"). Thus, any such testimony or evidence should be excluded under Rule 402.

**E.**      **Plaintiff's Motion *in Limine* No. 5: Mr. Martinez's Mugshot, Profile Shot, and Material Surrounding the Arrest Photographs Should Be Excluded as Impermissible Prior-Acts Evidence, Irrelevant, and Unduly Prejudicial.**

Defendant seeks to introduce Mr. Martinez's mugshots from December 22, 2015. *See* Def.'s Ex. G [DEF-110, -119]. The entirety of DEF-110 and the profile shot and materials surrounding DEF-119 should be excluded as impermissible prior-acts evidence, irrelevant, unduly prejudicial, and improper hearsay.[1] In the criminal context, the Second Circuit has

---

[1] Plaintiff does not object to the introduction of the face-forward top photograph at DEF-119.

identified "three prerequisites to a ruling that the introduction of 'mug shot' type photographs does not result in reversible error": (1) "The Government must have a demonstrable need to introduce the photographs," (2) "The photographs themselves, if shown to the jury, must not imply that the defendant has a prior criminal record," and (3) "The manner of introduction at trial must be such that it does not draw particular attention to the source or implications of the photographs." *United States v. Harrington*, 490 F.2d 487, 494 (2d Cir. 1973); *Tirado v. Shutt*, 2015 WL 6866265, at *8 (S.D.N.Y. Nov. 9, 2015) (civil case holding that even redaction of "references to the DOCCS or Plaintiff's DIN, height and weight would not effectively alleviate the unfairly prejudicial nature of these photographs, which have height measurement markings in the background and show traditional mug shot poses").

For good reason. Mugshots run afoul of Rule 404(b) as they serve little purpose other than to illicitly suggest that one's past criminal behavior is reflective of his or her current conduct. *See, e.g.*, *Wilson v. Mazzuca*, 570 F.3d 490, 507 (2d Cir. 2009) (improper introduction of "mug shot" and prior bad acts prejudiced defendant by implying that he had a "propensity for criminality and violence"); *Tirado*, 2015 WL 6866265 at *8 (excluding mugshots under Rule 403 where they had little probative value and "could lead jurors to draw adverse inferences concerning Plaintiff's character and criminal history"); *Nelson v. Brown*, 673 F. Supp. 2d 85, 94 (E.D.N.Y. 2009) (finding introduction of arrest photograph tainted the jury process because "at least two jurors interpreted the 'mug shots' as indicating the probability of [defendant] having a prior criminal record").

Mr. Martinez's mugshot at DEF-110—one photograph of him standing in front of a height marker—and profile shot at DEF-119 make the innuendo unmistakably clear. Moreover, the "double-shot" picture at DEF-119, that includes a profile shot of Mr. Martinez, "produces a

'natural, perhaps automatic' inference of prior encounters with the police . . . ." *Harrington*, 409 F.2d at 495 (quoting *Barnes v. United States*, 365 F.2d 509, 510–11 (D.C. Cir. 1966)). The photographs also offer nothing of value to the jury: Mr. Martinez will be sitting in the courtroom, the jury will know what he looks like; his mugshot would only "leave a lasting, although illegitimate, impact on the jury" that he "is 'bad.'" *United States v. George*, 160 Fed. Appx. 450, 456 (6th Cir. 2005) (citing *United States v. McCoy*, 848 F.2d 743, 745–46 (6th Cir. 1988)).

Moreover, the material surrounding Mr. Martinez's photo at DEF-119 is equally irrelevant and prejudicial. *See Harrington*, 409 F.2d at 495 (finding that when mug shots are to be introduced, they should be produced as "photographic duplicates" without "any incriminating indicia—i.e., inscriptions or identification numbers"). As discussed above, Mr. Martinez's criminal history following his December 22, 2015 Arrest is irrelevant to whether Defendant's actions were objectively reasonable before and during the course of the Arrest. The offense for which Mr. Martinez was arrested does not provide insight into whether Defendant's use of force was reasonable, and any probative value of the conviction for impeachment purposes is outweighed by its prejudicial effect.

F. **Plaintiff's Motion *in Limine* No. 6: Mr. Martinez Should Be Permitted to Appear Without Restraint and in Court Clothes at Trial.**

In cases brought by incarcerated plaintiffs, district courts must "be alert to avoid practices that may undermine the fairness of the factfinding process." *Davidson v. Riley*, 44 F.3d 1118, 1122 (2d Cir. 1995) ("In civil as well as criminal cases, the right to a fair trial is fundamental."). To avoid any such bias, Mr. Martinez respectfully requests an order allowing him to appear at trial without restraints and wearing appropriate court clothing: a suit, shirt, tie, belt, and shoes.

Unnecessarily requiring litigants to wear restraints undermines the fundamental fairness of a trial. *United States v. Haynes*, 729 F.3d 178, 189 (2d Cir. 2013) (finding that as a matter of

fundamental fairness, a defendant may not be tried in shackles unless the trial judge finds on the record that it is necessary to use such a restraint as a last resort); *see also Davidson*, 44 F.3d at 1122–26 (granting new trial to Section 1983 plaintiff who was required to appear at civil trial in handcuffs and leg irons). In analyzing whether to restrain a litigant, courts have thus considered, first, whether it is "persuaded by compelling circumstances that some measure was needed to maintain the security of the courtroom," and, second what "less restrictive alternatives" are available. *Jones v. Meyer*, 899 F.2d 883, 885 (9th Cir. 1990) (internal quotations and citations omitted). Here, physical restraints are unnecessary. It has been approximately four years since Mr. Martinez committed the offense for which he is currently incarcerated. Mr. Martinez has expressed no hostility or animus toward the Court, opposing counsel, or anyone else likely to attend trial. And he has attended, by videoconference, a deposition without disruption or incident. Mr. Martinez intends to continue his pattern of respectful behavior in this case; if any need for restraint arises, the Court can easily fashion a suitable solution at that time.

Similarly, courts in this circuit have recognized substantial prejudice faced by prisoners who are required to appear in prison clothing. *See, e.g.*, *Qadar v. United States*, 2014 WL 3921360, at *12 (E.D.N.Y. Aug. 11, 2014) (stating that prison clothes raise fair trial concerns because they "implicate the presumption of innocence owed to the defendant"). Indeed, the Supreme Court has held that to "compel an accused to stand trial before a jury while dressed in identifiable prison clothes" would be inconsistent with the Fourteenth Amendment. *Estelle v. Williams*, 425 U.S. 501, 512 (1976). Mr. Martinez's case would unquestionably be prejudiced were the jury to see him in his prison attire, and permitting him to wear other attire poses no discernable risk. Accordingly, Mr. Martinez should be permitted to appear at his trial in non-

prison clothing. Plaintiff respectfully submits the attached Proposed Order granting the

application sought in this motion *in limine*, for presentation to the United States Marshals.

G.    **Plaintiff's Motion *in Limine* No. 7: Defendant Should Be Precluded from Invoking a Qualified Immunity Defense.**

Defendant should be precluded from introducing a qualified immunity defense because

he has taken the position that he did not engage *at all* in the alleged unconstitutional conduct

causing Plaintiff's injuries, not that he caused the injuries but that the force used was reasonable.

In this context, the question of qualified immunity is immaterial. "Whether an official may

prevail in his qualified immunity defense depends upon the objective reasonableness of his

conduct as measured by reference to clearly established law." *Davis v. Schere*, 468 U.S. 183,

183 (1984). But Defendant cannot fairly argue that his conduct was reasonable where he denies

that such conduct even occurred. *See, e.g., Elliott v. Thomas*, 937 F.2d 338 (7th Cir. 1991)

(holding that police officers' denial that they committed charged acts did not involve qualified

immunity defense and therefore declining to find jurisdiction over their appeal).

At deposition, the Defendant testified that he did not strike, kick, or push Mr. Martinez at

any time during the Arrest. For example, Defendant testified as follows:

> Q: And over the time that you saw Mr. Martinez, did anyone strike him?
>
> A: No.
>
> Q: Did anyone kick him?
>
> A: No.
>
> Q: Did anyone punch him?
>
> A: No.
>
> Q: Did anyone harm him in any way that you saw?
>
> A: No.

Q: Did you do any of those things?

A: Absolutely not.

Wheeler Dep. 148:25–149:13, Jan. 17, 2019. Defendant's position is thus that he and his fellow officers did not personally harm Mr. Martinez in any way, at any time. Instead, Defendant asserted that Mr. Martinez stumbled and fell to the ground on his own power. *See, e.g., id*. at 60:15–61:4 ("I can't say why he stumbled . . . . He might have been tired. I can't answer for that. . . . [P]robably just momentum I guess coming off of the curb. You'd have to ask your client that."). Moreover, discovery in this case indicates that Defendant-approved paperwork stated that *no force at all* was used in the Arrest. *See, e.g.*, Pl.'s Ex. 14. In contrast, Plaintiff testified at deposition that he surrendered to authorities and was then assaulted. Defendant's stark denial of striking or pushing Mr. Martinez narrows the issue in this case to whether Defendant engaged in the alleged conduct. Defendant should not be allowed to introduce a defense contradictory to his position in sworn testimony and contemporaneous documents that neither he nor any of his fellow officers harmed Mr. Martinez in any way. Therefore, a qualified immunity defense should be excluded.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motions *in limine*.

Respectfully submitted,

Dated:  November 8, 2019　　　　　GIBSON, DUNN & CRUTCHER LLP

By:  _/s/  David Salant_

David P. Salant
Dana E. Sherman

200 Park Avenue
New York, NY  10166-0193
Telephone:   (212) 351-4000
Facsimile:   (212) 351-4035
*Attorneys for Plaintiff Joshua Martinez*